Entered on Docket
May 09, 2013
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: May 8, 2013

**HANNAH L. BLUMENSTIEL**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 11-31416 HLB |
| ARTLOAN FINANCIAL SERVICES, INC., | Chapter 7 |
| Debtor. | |
| JANINA M. HOSKINS, | Adv. Proc. No. 12-3078 HLB |
| Plaintiff, | |
| v. | |
| RAY P. GAYLORD, et al., | |
| Defendants. | |

**TENTATIVE RULING GRANTING MOTION FOR ORDER ESTABLISHING GOOD FAITH SETTLEMENT AND BARRING CROSS-COMPLAINTS AGAINST SETTLING DEFENDANT**

This matter comes before the Court on Plaintiff's Motion for Order Establishing Good Faith Settlement and Barring Cross-Complaints ("Motion"). Defendant Wiegel Law Group, PLC ("Defendant") opposes the Motion. Andrews Kurth LLP ("Andrews Kurth"), a former defendant in this adversary proceeding and a party to the settlement agreement currently at issue, has joined the Motion. Plaintiff has also filed an evidentiary objection

TENTATIVE RULING GRANTING
MOTION FOR ORDER ESTABLISHING
GOOD FAITH SETTLEMENT                -1-

("Objection") to the Declaration of Hsiao C. Mao attached to Defendant's response ("Mao Declaration").

On March 19, 2013, the Court entered an order in the underlying bankruptcy case authorizing the Trustee to settle the estate's claims against Andrews Kurth. Per the terms of the settlement, Andrews Kurth agreed to pay $125,000.00 to the estate. It also agreed to withdraw its proof of claim for pre-petition legal services, a benefit to the estate of $98,644.38. The instant motion requests a finding that the settlement between Plaintiff and Andrews Kurth was given in good faith pursuant to section 877.6 of the California Code of Civil Procedure. A finding of good faith would discharge Andrews Kurth from liability for any contribution to any other parties, such as Defendant. Cal Code. Civ. Proc. § 877.

Defendant opposes the Motion on several grounds. First, Defendant asserts that a settlement agreement has not been executed, and cannot therefore be found to be given in good faith. Second, Defendant argues that the factors for finding a good faith settlement weigh against the settling parties. Specifically, Defendant alleges that Andrews Kurth is responsible for a large portion of Plaintiffs' claimed damages arising from the "deepening insolvency" of the Debtor, and that Defendant would have an indemnity claim against Andrews Kurth in the event it is found liable on this theory. Further, Defendant alleges that Andrews Kurth's large insurance policy and good financial condition weigh against a finding of good faith. Finally, Defendant asserts that Plaintiff and Andrews Kurth are acting in bad faith in order to injure Defendant.

Upon consideration of the Motion, the subsequent pleadings, and the supporting declarations accompanying each, the Court is inclined to **GRANT** the relief requested. As to the Objection, the Court finds Plaintiff's arguments unavailing. First, Plaintiff's arguments regarding the execution of the Mao Declaration were corrected with the filing of an amended declaration. Second, the Court finds Plaintiff's argument that Exhibits G, J, CC, and DD "lack foundation," without elaboration, wholly insufficient to justify the exclusion of that evidence. Finally, the Court finds that Plaintiff's objection to certain statements as inadmissible lay opinion, speculation, and lacking foundation not well-taken. The Court is capable of assessing the credibility and reliability of this evidence and affording it appropriate weight. For the foregoing reasons, the Court **OVERRULES** the Objection.

In determining whether a settlement has been given in good faith for purposes of section 877, California courts consider several factors, including "(1) a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability; (2) the amount paid in settlement; (3) the allocation of settlement proceeds among plaintiffs; and (4) a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial." *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1064 (9th Cir. 2011) (citing *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 499 (1985)). The Court may also consider "the financial conditions and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortious conduct aimed to injure

the interests of non-settling defendants." *Mason & Dixon*, 632 F.3d at 1064.

With regard to amount, the Court should inquire "whether the amount of the settlement is within the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries." *Tech-Bilt,* 38 Cal. 3d at 499. The settlement figure "must not be grossly disproportionate to what a reasonable person, at the time of the settlement, would estimate the settling defendant's liability to be." *Id*. The burden of proof is upon the party asserting a lack of good faith. *Id*. That party must demonstrate that the settlement is so far "out of the ballpark" in relation to these factors as to be inconsistent with the equitable objectives of the statute. *Id*. at 499-500.

In this case, these factors weigh in favor of a finding of good faith. The settlement with Andrews Kurth has an approximate value to the estate of $220,000.00. Although this amount is less than the approximately $3,000,000.00 in damages Plaintiff alleges in her complaint, it is readily apparent that viable defenses, evidentiary hurdles, and uncertain damages could limit Plaintiff's recovery in part or in whole. While the ceiling to Plaintiff's recovery may be very high, the floor is potentially very low. Accordingly, the Court finds that $220,000.00 is within the reasonable range of Andrews Kurth's share of comparative liability, and is not so grossly disproportionate as to necessitate a finding of bad faith.

Turning to the remaining arguments in opposition, Defendant first asks the Court to summarily dismiss the motion because Plaintiff has failed to establish the existence of a settlement

**TENTATIVE RULING GRANTING**
**MOTION FOR ORDER ESTABLISHING**
**GOOD FAITH SETTLEMENT** -4-

agreement.  Defendant cites no authority for the proposition that a signed settlement is a necessary prerequisite to a good faith finding under section 877, and the Court can conceive of no reason to declare a settlement not in good faith where, as here, the material terms have been disclosed to and approved by this Court.

   Next, Defendant asserts that the settlement is in bad faith because, if liability is found, Defendant would have an indemnity claim against Andrews Kurth as joint tortfeasors.  However, the existence of potential indemnification liability is not by itself sufficient to warrant a finding of lack of good faith.  The Court's inquiry must instead focus on whether the settlement is "within the reasonable range of the settling tortfeasor's proportional share of comparative liability."  *Tech-Bilt,* 38 Cal. 3d at 499.  In its opposition, Defendant appears to suggest that the parties' shares of comparative liability should be based upon the duration of time for which each of the law firm defendants were employed by the Debtor, and the amount of debt the Debtor incurred during these periods.  Defendant cites no authority in support of this proposition.  Further, Defendant omits from this calculation any amount of comparative fault on the part of the non-law firm defendants.  However, even accepting as true Defendant's assertions that Andrews Kurth should bear a majority of the comparative fault in this case, a settlement of $220,000.00 is still not so far "out of the ballpark" in light of the difficulties Plaintiff faces in proving her case.

   Defendant also argues that a good faith finding is not warranted due to Andrews Kurth's good financial condition and large potential insurance coverage.  California law does state that a

**TENTATIVE RULING GRANTING
MOTION FOR ORDER ESTABLISHING
GOOD FAITH SETTLEMENT**         -5-

settling defendant's insolvency can be grounds for finding an otherwise disproportionate settlement to have been given in good faith. *Tech-Bilt,* 38 Cal. 3d at 499 (citing *Stambaugh v. Superior Court*, 62 Cal. App. 3d 231 (Cal. App. 1st Dist. 1976)). This does not mean, however, that the converse is true, i.e. that an otherwise reasonable settlement is in bad faith solely because the settling defendant might possess the ability to pay a larger amount.

Finally, Defendant accuses Plaintiff and Andrews Kurth of acting in bad faith. Nothing in the record so much as hints at any any sort of collusion between Plaintiff and Andrews Kurth, or at an intent to otherwise cause Defendant injury. Vigorous litigation does not equate to bad faith. The Court finds this argument to be wholly without merit.

In conclusion, Defendant has not met its burden of proof with regards to a showing of lack of good faith. The settlement before the Court appears to be within the reasonable range of Andrews Kurth's proportional share of comparative liability such that a finding of good faith is warranted. The Court is therefore inclined to **GRANT** the Motion.

**\*\*END OF TENTATIVE RULING\*\***

## Court Service List

Bretton C. Gerard, Esq.
111 W Spring Valley Rd. #250
Richardson, TX 75081

Clifford E. Fried
177 Post St. #700
San Francisco, CA 94108