MacCONAGHY & BARNIER, PLC
JOHN H. MacCONAGHY, SBN 83684
JEAN BARNIER, SBN 231683
645 First St. West, Suite D
Sonoma, California 95476
Telephone: (707) 935-3205
Facsimile: (707) 935-7051
Email: macclaw@macbarlaw.com

Attorneys for Plaintiff
JANINA M. HOSKINS, Trustee in Bankrupcty

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re )
) Case No. 11-31416 HLB
ARTLOAN FINANCIAL ) (Chapter 7)
SERVICES, INC. )
)
Debtor. ) AP No. 12-3078 HLB
_____ )
) **SUPPLEMENT TO PLAINTIFF'S**
JANINA M. HOSKINS, Trustee ) **STATUS CONFERENCE**
) **STATEMENT**
in Bankruptcy of the Estate of )
ARTLOAN FINANCIAL SERVICES, INC. )
) Hearing Date: 6/19/2013
Plaintiff, ) Time: 3:30 p.m.
) Courtroom 23 – Hon. Hannah L.
) Blumenstiel
)
)
RAY PARKER GAYLORD, aka ERNEST )
RAY PARKER; ANTHONY BARREIRO; )
WIEGEL LAW GROUP, A )
PROFESSIONAL CORPORATION; )
WIEGEL & FRIED, LLP; ANDREW J. )
WIEGEL and CLIFFORD FRIED )
)
Defendants. )
_____ )

Following the filing of Plaintiff's Status Conference Statement, the Defendant Wiegel Law Group filed a lengthy Motion to Withdraw Reference of this adversary proceeding to the District Court. Plaintiff files this supplement to briefly addresses the effect of the Motion to Withdraw Reference on this scheduling conference. For the reasons set forth below, the filing of the Motion to Withdraw Reference should not prevent this Court from setting further scheduling deadlines in this case as urged by the Plaintiff.

First, it bears repeating that from the earliest stages of this case Plaintiff has conceded that the case is subject to jury trial in U.S. District Court. The question is simply one of timing.

Second, the pendency of the Motion to Withdraw Reference does not effect the ongoing proceedings before this Court, see Fed Rules of Bankruptcy Procedure, Rule 5011(c) ["The filing of a motion for withdrawal of a case or proceeding or for abstention pursuant to 28 U.S.C. Section 1334(c) shall not stay the administration of the case or any proceeding therein before the bankruptcy judge..."].

Third, although it is subject to broad judicial discretion, the standard practice in the Ninth Circuit seems to be to leave these "jury trial" cases with the bankruptcy court until the last minute. Aside from the case of *In re Healthcentral.com,* 504 F.3d 775, 780-781 (9th Cir. 2007) cited in Plaintiff's 6/12 Status Conference Statement, the Central District recently endorsed the procedure proposed by Plaintiff Hoskins in *In re Scaccione,* 2013 U.S. Dist. LEXIS 65948 (C.D. Cal. May 8, 2013) at *5, "The reference shall be withdrawn as follows: The bankruptcy court shall address all pretrial matters. If and when the case proceeds to trial, it shall proceed before the district court." See also, *In re Heller Ehrmann LLP,* 464 BR 348 (D.C. N.D. Cal. 2011).

Finally, in the experience of Plaintiff's counsel as to other recent Motions to Withdraw Reference, it took the District Court over six months in each such case to docket and decide the

Motion.[1]  If that happens here, we will all be at the December 2013/January 2014 time period suggested by Plaintiff as the opportune time to transfer the case anyway.

All sides are anxious to vindicate their respective positions before a jury.  Active case management of this matter by this Court will assist the District Court.  We see no reason to hold the pretrial development of this case in suspense while a superfluous Motion to Withdraw Reference is pending.

Dated: June 12, 2013                           Respectfully submitted,

                                               MACCONAGHY & BARNIER, PLC


                                               /s/ John H. MacConaghy
                                               John H. MacConaghy
                                               Attorneys for Plaintiff Janina M. Hoskins,
                                               Trustee in Bankruptcy

---

[1] *In re Viola,* U.S. Dist. Ct. N.D. Cal. 4:11-00817 SBA, Motion to Withdraw Reference filed 2/22/11, denied on 9/28/12; *In re Courtside Village, LLC,* U.S. Dist. Ct. N.D. Cal. 4:05-02012 SBA, Motion filed 5/16/2005, denied on 10/28/2005.  Another example is *In re O'Hanneson,* 2013 U.S. Dist. LEXIS 24008 (N.D. Cal 2/21/13) where the Motion to Withdraw Reference was filed on 8/2/12 and not decided until 2/21/13.  The quickest decision we have seen was in *In re Heller Ehrmann, LLP, supra,* where the Motion to Withdraw Reference was filed on 9/30/11, but not decided until 12/13/11.  However, in that case Judge Montali had already written an extensive report and recommendation per Local Rule 5011-2(b).